IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Civil Action No. DKC 19-3294 |
| | : | |
| ZEN ENTERPRISES, INC., et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Pending before the court is Plaintiff's motion for the entry of default. ECF No. 18. Defendants have not responded. For the following reasons, the motion for clerk's entry of default will be granted.

**I. Background**

Plaintiff filed this action on November 15, 2019, requesting the court enter judgment against Defendants for $1,169,746.35 plus interest representing unpaid employment taxes allegedly owed by Zen Enterprises, Inc. and Potomac Driving School, Inc. Both are Maryland corporations. The government alleges that Defendant Zen Enterprises, Inc. failed to pay federal employment taxes for its employees beginning in 2007. Potomac Driving School, Inc. began paying the wages of the employees of Zen Enterprises, Inc. in 2011 and thereafter has paid no employment taxes. Plaintiff names Benjamin and Zenaida Frasier as Defendants because they operate

both Zen Enterprises, Inc. and Defendant Potomac Driving School, Inc.

## II. Motion for Clerk's Entry of Default

### A. Standard of Review

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[1] "It is axiomatic that service of process must be effective under the [Fed.R.Civ.P.] before a default . . . may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D.Md. 1996). Plaintiff bears the burden of establishing that service of process was effective. *Ayres v. Ocwen Loan Servicing, LLC*, 129 F.Supp.3d 249, 261 (D.Md. 2015).

### B. Analysis

Plaintiff requests clerk's entry of default against all Defendants for their failure to plead or otherwise defend. (ECF No. 18). In support, Plaintiff states that Defendants Zen Enterprises, Inc. and Potomac Driving School, Inc. were served on

---

[1] A default judgment is a two-step process: first, the clerk enters a party's default and then a court determines whether judgment will be entered.

2

January 16, 2020, by serving the State Department of Assessments and Taxation, that Defendant Benjamin Frasier was served by certified mail on February 7, 2020, and Defendant Zenaida Frasier was served on February 4, 2020, also by certified mail.

Rule 4 allows service on an individual or corporation by following state law for service. Fed.R.Civ.P. 4(e)(1), (h)(1)(A). The Maryland Rules permit service "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a)(3). Service on an individual must be made "by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual." Md. Rule 2-124(a).

Service on a corporation must be made by "serving its resident agent, president, secretary, or treasurer." Md. Rule 2-124(d). With respect to the corporate defendants, Zen Enterprises, Inc. and Potomac Driving School, Inc., Plaintiff sent service of process to the State Department of Assessments and Taxation ("SDAT") pursuant to the substitute service provisions of Md. Rule 2-124(o). That rule reads:

> (o) Substituted Service Upon State Department of Assessments and Taxation. Service may be made upon a corporation, limited partnership, limited liability

partnership, limited liability company, or other entity required by statute of this State to have a resident agent by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the resident agent have failed.

*Rule 2-124 – Process-Persons to be Served*, Md. R. Civ. P. Cir. Ct. 2-124.

Service on Potomac Driving School, Inc. and Zen Enterprises, Inc. was first attempted by Torri's Legal Services when it went to the address in South Carolina for Zenaida Frasier as Resident Agent for both corporations on December 26, and December 30, 2019. It then also attempted service at an address in Silver Spring, Maryland, on January 8, 9, and 14, 2020. (ECF No. 11). When those attempts were unsuccessful, service was then effected via the State Department of Assessments and Taxation. In addition, Defendants Benjamin and Zenaida Frasier requested, and were granted, additional time to respond to the complaint on February 27, 2020 (ECF No. 12) and again on April 27, 2020 (ECF No. 16). Thus, as evidenced by Defendants' requests for additional time, actual notice was received. "When the process gives the defendant actual

4

notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Armco*, 733 F.2d at 1089.

## III. Conclusion

Defendants were granted an extension to July 6, 2020, to respond to the complaint herein. (ECF No. 17). Plaintiff filed a motion for clerk's entry of default on July 23, 2020. To date, Defendants have not responded and have missed their deadlines to answer by nearly three (3) months. As such, clerk's entry of default is warranted and Plaintiff's motion for clerk's entry of default will be granted. A separate order will follow.

                                                                                        /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge