IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :
                                  :
                                  :
     v.                           :   Civil Action No. DKC 19-3294
                                  :
ZEN ENTERPRISES, INC., et al.     :
                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this federal tax case is the motion by Plaintiff, United States of America ("the government"), for default judgment against Defendants Zen Enterprises, Inc. Potomac Driving School, Inc., Benjamin Frasier, and Zenaida Frasier. The government seeks a money judgment against Zen Enterprises, Inc. and injunctive relief against all defendants. (ECF No. 28). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the government's request to enter default judgment will be granted and a permanent injunction will be entered.

**I.   Background**

This case involves delinquent employment and unemployment taxes owed to the government by Defendant Zen Enterprises, Inc. ("Zen Enterprises") and, by extension, its alleged "alter ego or nominee" Defendant Potomac Driving School, Inc. ("Potomac") both of which are Maryland corporations with principal places of

business in Rockville, Maryland. During the relevant periods, the entities were co-owned and operated by Defendants Benjamin and Zenaida Frasier ("the Frasiers").

The government asserts that, on various dates beginning in 2007, Zen Enterprises had employees and was obligated to withhold and pay federal employment taxes but failed to do so. Beginning in 2011, after Zen Enterprises had already purportedly accrued "substantial unpaid federal employment and unemployment tax liabilities," Potomac began to pay the salaries and wages of Zen Enterprises' employees. Delinquent taxes were assessed against Zen Enterprises on multiple dates from 2009 to the time the complaint was filed. (ECF No. 1, ¶ 23). The liabilities shown in these assessments were subsequently recorded in Notices of Federal Tax Liens sent to both Zen Enterprises and Potomac as its "alter ego or nominee." (*See* ECF No. 28-2, ¶¶ 9, 13).

The government filed the present complaint on November 15, 2019, alleging that Defendant Zen Enterprises failed to file employment tax returns and pay federal tax obligations by defaulting in three main obligations. As an employer, Zen Enterprises was subject to payroll tax obligations under federal law: (1) to withhold employees' federal income and Federal Insurance Contributions Act ("FICA") taxes and pay these withholdings to the Internal Revenue Service ("IRS") along with their own FICA and Federal Unemployment Tax Act ("FUTA") taxes, 26

2

U.S.C. §§ 3102, 3111, 3301, and 3402; (2) to make periodic deposits of withheld federal income, Social Security and Medicare taxes, as well as its share of employment taxes into a federal depository bank as per the Federal Treasury Regulations, 26 U.S.C. §§ 6302 and 6157 and 26 C.F.R. § 3.6302-1; and (3) to file Employer's Quarterly Federal Tax Returns (Forms 941) and annual Employer's Unemployment Tax Act Returns (Form 940) for its employees and the employees of Potomac.  The government alleged that Zen Enterprises failed, along with co-Defendants Potomac, and the co-owners and operators of both entities, the Frasiers, to comply with all of these duties.  (ECF No. 1).

The government seeks judgment against Zen Enterprises for well over a million dollars in tax liabilities.  The government also seeks a permanent injunction, enjoining all Defendants from violating internal revenue laws in the future, asserting that they are likely to continue to obstruct and interfere with the enforcement of internal revenue laws.  (*See* ECF No. 1, ¶¶ 27, 35-37).  The unpaid balances of these outstanding taxes, including statutory interest and penalties, was asserted to be $1,224,943.57 as of November 30, 2020.  (ECF No. 28).  Despite two requests for additional time, (ECF Nos. 12 and 16), the Frasiers' have been entirely nonresponsive in the present suit.  On July 23, 2020, the government moved for Clerk's Entry of Default for want of answer or other defense against all Defendants.  (ECF No. 18).  By

3

memorandum opinion and order on October 13, 2020, the motion was granted.  (ECF Nos. 19 and 20).  The Clerk entered Defendants' default the next day and issued notice of default to all defendants.  (ECF Nos. 21-25).[1]  On November 30, 2020, the government filed the presently pending motion for default judgment.  (ECF No. 28).

## II. Standard of Review

An entry of default is within the discretion of the trial court and default judgment is appropriate "when the adversary process has been halted because of an essentially unresponsive party."  *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002*); SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  Fed.R.Civ.P. 55(a), which governs default judgments, states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  If a party fails to plead or defend, then the Clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum certain that can be made certain by computation . . . ." Fed.R.Civ.P. 55(b)(1); *see Monge v. Portofino Ristorante*, 751 F.Supp.2d 789 (D.Md. 2010).  In all other cases, the party must

---

[1] Mail was returned undeliverable as to both Potomac and Zen Enterprises.

4

apply to the court for a default judgment. Fed.R.Civ.P. 55(b)(2). The Government seeks a default judgment for a specific amount of delinquent taxes, but whether to enter judgment in its favor is "a matter within the discretion of the Court." *Hanover Ins. Co. v. Persaud Companies, Inc.*, No. 13-1472-GJH, 2015 WL 4496448, at *2 (D.Md. July 22, 2015) (citing *Lawbaugh*, 359 F.Supp.2d at 421). It also seeks injunctive relief.

Fed.R.Civ.P. 8(b)(6) states that "an allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied." The court will take as true the well-pleaded factual allegations in the complaint, not including facts pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). A defendant, by his default, "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Id*. (citing *Nishimatsu Constr. Co.,* 515 F.2d at 1206); *see* Fed.R.Civ.P.8(b)(6). Under Fed.R.Civ.P. 55(b), defendants must be "neither a minor nor an incompetent person" for default judgment to be awarded.

Nonetheless, a default is not treated "as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. . . ." *Ryan*, 253 F.3d at 780 (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

Cir. 1975) and quoting *Thomson v. Wooster*, 114 U.S. 104, 113 (1885)). In determining whether to grant default judgment, the court must "determine whether. . . unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010) (quoting 10A Wright, Miller & Kane, Fed. Prac. and Prod. § 2688 (3ᵈ ed. Supp. 2010)) ("[L]iability is not deemed established simply because of the default . . . .").

If liability is established under the relevant cause of action, the court must then determine the appropriate amount of damages. *Agora Fin.*, 725 F.Supp.2d at 494 (citing *Ryan*, 253 F.3d at 780-81). The court "does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such [damages]." *Id*. (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. 11-cv-02389-ELH, 2012 WL 893262, at *2 (D.Md. Mar. 14, 2012)). "A plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence." *Monge*, 751 F.Supp.2d at 793 (citing Fed.R.Civ.P. 55(b)(1)). In producing such evidence, the Government can establish a "*prima facie* case of tax liability" and shift the burden to the Defendant to "produce evidence refuting the Government's position." *United States v. Kitila,* No. 09-cv-

00455-DKC, 2010 WL 917873 at *3 (D.Md. Mar. 8, 2010) (citing *United States. v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980)).

Fed.R.Civ.P. 54(c), however, limits the judgment entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D.Md. 2012); *see also United States v. Chesapeake Firestop Prods., Inc.*, No. DKC 17-3256, 2018 WL 3729036, at n.2 (D.Md. Aug. 6, 2018). Generally, courts hold that a default judgment cannot award additional damages, other than those included in the pleadings, because a defendant could not reasonably have expected that damages would exceed the amount in the pleadings. *See Id.; see also In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

**III. Analysis**

Whether default judgment ultimately is warranted in this context comes down to whether the unrebutted evidence of tax liabilities that Zen Enterprises has incurred since 2007 establishes (1) a "legitimate cause of action," (2) a sum certain amount,[2] and (3) that Defendants are not minors or incompetent to stand trial. In entering default judgment, the court has

---

[2] The earliest of these tax periods was assessed on December 14, 2009, (ECF No. 28), which indicates that all outstanding tax liabilities fall within the applicable ten-year statute of limitations. The Government's complaint was filed on November 15, 2019. *See* 26 U.S.C. § 6502(a)(1).

7

discretion when awarding damages. *See United States v. Moschonas*, No. DKC 19-0332, 2020 WL 6545884, at *2 (D.Md. Nov. 6, 2020) (citing Fed.R.Civ.P. 55(b)(1),(2) and quoting *Agora Fin.*, 725 F.Supp.2d at 494).

### A. Liability and Damages

The government has produced tax assessments that are verified as accurate and reliable by a declaration of an IRS officer made under oath. The government has produced a sworn declaration by Officer Leslie Handler that accounts for and attests to the date and amount of each tax assessment levied against Zen Enterprises and verifies that the attached assessments were created in the ordinary course of IRS business; these assessments show the amounts are sum certain. From 2007 to 2011, Zen Enterprises had employees and was obligated to withhold its employees' federal income taxes and pay these withholdings to the Government in accordance with 26 U.S.C. §§ 3102, 3111, 3301, and 3402. Through Ms. Handler's declaration, the government asserts that Zen Enterprises did not pay these taxes and owes both outstanding federal taxes plus interest to the Government. (ECF No. 28-2). The declaration and attached documents establish a sum certain through records showing outstanding delinquencies, and their accrued interest, for every tax year from 2009 to 2019, recorded in assessments at varying intervals throughout this period. (ECF Nos. 28-2 and 28-3). As of November 20, 2020, the evidence demonstrates that Zen

Enterprises owes $1,224,943.57 to the Government in federal tax liabilities based on the assessments referenced in the complaint. (ECF No. 28) (relying on ECF No. 28-2, ¶¶ 9-11).

Assessments are entitled to a legal presumption of correctness as to both tax liability and the specific amount owed. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). The government's submission of the assessments establishes a prima facie case of tax liability and shifts the burden to the defendant(s) to refute the assessments. *United States v. Janis*, 428 U.S. 433, 440-41 (1976) (citing *Helvering v. Taylor*, 293 U.S. 507, 514-15 (1935)) (finding an assessment is presumed accurate and shifts the burden to the taxpayer unless it is "without rational foundation and excessive"); *Kitila*, 2010 WL 917873 at *3 (citing *Pomponio*, 635 F.2d at 296 and relied on by the government) (granting summary judgment to the government based on a "declaration and certified records"), *aff'd*, 403 F.App'x 865 (4th Cir. 2010).

The Defendants have failed to respond to the government's complaint. Thus, under Fed.R.Civ.P. 8(b)(6), the government's allegations, except for those pertaining to damages, are deemed admitted. In turn, the facts taken as true, along with the tax assessments submitted by the government, show that Zen Enterprises owes a substantial amount in unpaid taxes.

Additionally, the Government produced a sworn declaration from Emily Miller, a trial attorney with the U.S. Department of Justice, Tax Division, who investigated the Defendants and found that the Frasiers were neither incompetent nor minors, nor did any Defendants qualify for special exemptions under the Servicemembers Civil Relief Act. (ECF No. 28-4). Thus, the Government has proven sum certain tax liabilities incurred by Zen Enterprises, and that the Defendants are not minors or incompetent to stand trial. The Government alleged in its complaint that Zen Enterprises owes $1,169,746.35 for every tax year from 2009 to 2019 plus accrued interest and penalties. (ECF No. 1, ¶ 23). Through Officer Handler's declaration (ECF No. 28-2, ¶¶ 9, 11), and the IRS Account Transcripts showing the penalty charges, interest owed, and dates notices demanding payment were sent, the government produced evidence that Zen Enterprises has accrued interest and penalties for a total amount of $1,224,943.57 as of November 20, 2020.

Additionally, the government has produced evidence that additional assessments were made after this suit was filed. As of November 20, 2020, Zen Enterprises purportedly owes an additional $9,046.54 in taxes incurred after this suit was filed, plus interest and statutory additions. (ECF No. 28-2, ¶ 18). Both the motion for default judgment and the proposed order, however, do not seek judgment for this additional amount. In any event, those later assessments could not be included. Fed.R.Civ.P. 54(c) states

10

that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Obviously, the Government did not allege in its complaint that Zen Enterprises owes this $9,046.54 in taxes.  The government is precluded from recovering such damages in the current action.  *See Optimum Welding*, 285 F.R.D. at 373.  Thus, the government's motion for default judgment will be granted in the amount of $1,224,943.57 plus statutory interest and penalties.

**B.   The Permanent Injunction**

The government requests a permanent injunction directing the Defendants to comply with internal revenue laws to deposit withheld income, FICA, and FUTA taxes in a federal depository bank; to file quarterly tax returns; to deliver monthly affidavits to the IRS to show compliance with the Internal Revenue Code; to pay all outstanding taxes owed before assigning or making disbursements of Zen Enterprises' property; to provide notice to the IRS if Defendants own, operate, manage, or work for any new business enterprise; and to engage in post-judgment discovery. These steps, the government argues, will mitigate any of its future losses; without injunctive relief, the government argues, the Defendants will continue to harm the United States by failing to abide by Internal Revenue Laws.

The government seeks this injunction pursuant to 26 U.S.C. § 7402(a), which has provided an additional mechanism for a

district court "to make and issue in civil actions, writs and orders of injunction. . . as *may be necessary or appropriate for the enforcement of the internal revenue laws*." 26 U.S.C. § 7402(a) (emphasis added); *see also United States v. Gbotcho*, No. DKC 15-0296, 2015 WL 1919688, at *8 (D.Md. Apr. 27, 2015).

In *United States v. R & K Tile, Inc.*, No. CCB-14-3025, 2015 WL 1736802, at *2 (D.Md. Apr. 14, 2015), Judge Blake explained that courts are split on how to apply this statute, given the broad mandate of its language. The Eleventh Circuit, for example, has applied the "traditional factors shaping the district court's use of the equitable remedy" as it would in other areas of equitable discretion. *Id.* (quoting *United States v. Ernst & Whinney,* 735 F.2d 1296, 1301 (11th Cir. 1984)). Other courts, alternatively, "appear to have concluded that, under § 7402(a), 'the government need only show that an injunction is appropriate for the enforcement of the internal revenue laws, *without reference to the traditional equitable factors.*'" *Id.* (quoting *United States v. Thompson,* 395 F.Supp.2d 941, 945 (E.D.Cal. 2005) (emphasis added by Judge Blake)). The Fourth Circuit has not weighed in on this question, but as was the case in *R & K Tile*, an injunction is appropriate under either standard, so this split need not be resolved. *Chesapeake Firestop Prods.,* 2018 WL 3729036 at *3.

Under the first approach, Judge Blake has explained the factors to consider under the explicit language of the statute:

12

> On its face, 26 U.S.C. § 7402(a) authorizes issuance of an injunction when "necessary or appropriate." Such an injunction "is appropriate if the defendant is reasonably likely to violate the federal tax laws again," which courts assess by evaluating the totality of the circumstances. *Thompson*, 395 F.Supp.2d at 945–46. Factors relevant to that analysis include:
>
>> (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation, and her degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve her in such transaction; (4) the defendant's recognition of her own culpability; and (5) the sincerity of her assurances against future violations.

*R & K Tile*, 2015 WL 1736802, at *2-*3 (quoting *Thompson*, 395 F.Supp.2d at 946).

Under the second approach, equitable principles counsel for issuing an injunction where the plaintiff demonstrates:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as money damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* (quoting *Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011)); *see also Chesapeake Firestop Prods.*, 2018 WL 3729036 at *3 (relying on *R & K Tile* and applying both standards).

The government has shown that the injunction is appropriate to enforce internal revenue laws. For every tax period from 2009-2019, the Defendants have failed to pay federal employment and unemployment taxes to the IRS as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402. Despite their clear obligations, Defendants have consistently failed to comply with federal tax law from 2009-2019 and are likely to violate those laws in the future. Indeed, as noted above, they have continued to fail to comply even after this suit was filed and additional assessments have been made. The government asserted in its complaint, filed on November 15, 2019, that Zen Enterprises already owed over a million dollars in taxes, which has only increased in the interim due to statutory interest and additions. The Defendants failed to respond to this complaint when granted additional time by the court. The repeat and flagrant nature of these violations suggest Defendants are aware of but choose to disregard their IRS regulations. Under virtually all these factors, therefore, an injunction is appropriate.

The government also has demonstrated that an injunction is proper under the traditional equitable principles. The government has suffered irreparable injury as Zen Enterprises owes the government a substantial amount in overdue taxes. The government has utilized vast resources, to no avail, in attempting to get Defendants to comply with federal tax obligations. The available

14

remedies at law have been unsuccessful due to Defendants' failure to respond to this suit and, without an injunction issued against Defendants, the government will continue to suffer harm. The Defendants will not be harmed by the issuance of an injunction, because they only will be required to obey the same tax laws as other employers. *See Chesapeake,* 2018 WL 3729036, at *4. Lastly, an injunction against Defendants would not be contrary to public interest, because the failure to pay taxes undermines the governments' tax system as a whole. The U.S. Supreme Court has stated that "taxes are the lifeblood of government, and their prompt and certain availability [is] an imperious need." *Bull v. United States*, 295 U.S. 247, 259 (1935). The Defendants' failure to pay federal employment and unemployment taxes interferes with a functioning government. Thus, an injunction would be proper simply as a means to enforce internal revenue laws and under traditional considerations of equity.

As part of the injunctive relief requested, the government seeks to force Defendants to deliver affidavits to the IRS to show compliance with the internal revenue code and to engage in post-judgment discovery as part of their requested injunctive relief. However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Educ. Credit Mgmt. Corp.*, 285 F.R.D. at 373; *see also Chesapeake Firestop Prods.,* 2018 WL 3729036, at n.2. Here, the government did not

15

request post-judgment discovery in its complaint (ECF No. 1), and even if the government had, nowhere does 26 U.S.C. § 7402 expressly authorize post judgment discovery.  *See Gbotcho*, 2015 WL 1919688 at *8.  Nor does the government explain why post-judgment discovery is "necessary or appropriate" for the enforcement of § 7402. Therefore, the government's request for post-judgment discovery will be denied.

In contrast, the government also seeks in its complaint to compel Defendants to deliver affidavits to the IRS on the 20th of every month to show compliance with the internal revenue code. *Chesapeake* and other cases in this district have previously granted this type of relief where it appears in the government's complaint, although without discussion.  *See, e.g.*, *United States v. Beeks*, No. 18-1741-GLR, 2018 WL 6920464, at *1 (D.Md. Dec. 4, 2018); *see also United States v. Easy Method Driving Sch., Inc.*, No 18-197-CCB, 2018 WL 4378157 (D.Md. Aug. 22, 2018).  Nonetheless, this form of relief is appropriate to ensure Defendants' ongoing compliance with internal revenue laws.  Thus, the government's request for monthly affidavits to show compliance with the internal revenue code will be granted.

### III. Conclusion

For the foregoing reasons, the motion to enter default judgment against Zen Enterprises will be granted and a permanent

16

injunction against all Defendants will be entered. A separate order will follow.

                                                  /s/
                                DEBORAH K. CHASANOW
                                United States District Judge